**SIGNED THIS: October 25, 2005**

_____
**THOMAS L. PERKINS
UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| MICHAEL MEHL and SHAWN MEHL, ) | No. 04-85570 |
| Debtors. ) | |

**O P I N I O N**

Must a secured creditor whose claim is provided for in a confirmed Chapter 13 plan file a proof of claim in order to be paid by the trustee? Is a proof of claim filed by a secured creditor subject to a firm bar date? Yes and no.

The Debtors, Michael and Shawn Mehl, filed for Chapter 13 relief on December 17, 2004, and their plan was confirmed without opposition on February 15, 2005. It provides for certain secured claims to be paid by the Chapter 13 Trustee through the plan, including Heights Bank in the amount of $6,000 plus interest at 6%, secured by a 1997 Ford Explorer, with the balance of the debt treated as unsecured.

Although the deadline to file a proof of claim for non-governmental creditors was April 27, 2005, Heights Bank did not file a proof of claim until July 5, 2005, when it filed a

secured claim in the amount of $6,000 with no unsecured component claimed. The Chapter 13 Trustee objected to the claim as untimely. Heights Bank, not having received any distributions, moved to compel the Trustee to pay its secured claim.

Once a plan is confirmed, distributions are required to be made to creditors whose claims have been allowed. F.R.B.P. 3021. Any creditor, secured or unsecured, may file a proof of claim. 11 U.S.C. § 501(a). A filed proof of claim is deemed allowed unless objected to. 11 U.S.C. § 502(a). As a general rule, an unsecured creditor must file a proof of claim for the claim to be allowed. F.R.B.P. 3002(a).[1]

A split of authority exists among bankruptcy courts as to whether proof of a secured claim is necessary. *See,* 9 COLLIER ON BANKRUPTCY ¶ 3002.01(2) (15th ed.rev.). The courts in the 7th Circuit that have published opinions are all on the same side of the split, holding that a secured creditor in a Chapter 13 case must have a proof of claim on file before payments may be made through a plan. *In re Gonzalez,* 295 B.R. 584 (Bankr.N.D.Ill. 2003)(Goldgar, J.); *In re Baldridge,* 232 B.R. 394 (Bankr.N.D.Ind. 1999); *In re Strong,* 203 B.R. 105 (Bankr.N.D.Ill. 1996)(Squires, J.); *In re Schaffer,* 173 B.R. 393 (Bankr.N.D.Ill. 1994) (DeGunther, J.); *In re Van Hierden,* 87 B.R. 563 (Bankr.E.D.Wis. 1988). *Accord, In re Hudson,* 260 B.R. 421 (Bankr.W.D.Mich. 2001); *In re Branch,* 228 B.R. 831 (Bankr.W.D.Va. 1998); *In re Macias,* 195 B.R. 659 (Bankr.W.D.Tex. 1996). These courts consider the filing of a proof of claim a prerequisite to having an allowed claim for both secured and unsecured claims.

---

[1] The Rule provides as follows:
(a) *Necessity for filing.* An unsecured creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005.

2

Having thoroughly considered the issue, this Court joins its sister courts in the 7th Circuit and holds that a proof of claim must be filed by or on behalf of a secured creditor, whose secured claim is to be paid by the Chapter 13 trustee through the plan, in order to entitle that creditor to receive payments from the trustee. To say it another way, a Chapter 13 trustee may properly refrain from making a distribution to a secured creditor, even though the plan provides for payment of the secured claim by the trustee and even if the plan is confirmed, until and unless a proof of claim is on file for the secured claim.

In a Chapter 13 case, in order to be timely, a proof of claim must be filed not later than 90 days after the first date set for the meeting of creditors. F.R.B.P. 3002(c) (with five exceptions not relevant here). Unless one of the five exceptions in Rule 3002(c) applies, a bankruptcy court does not have the power, even equitable power, to extend the time limits fixed by Rule 3002(c). *Matter of Greenig,* 152 F.3d 631 (7th Cir. 1998) (relying on Rule 9006(b)(3)'s admonition that the court may enlarge the time under Rule 3002(c) only to the extent and under the conditions stated therein).

Rule 3002(a) refers only to unsecured creditors and equity security holders; no reference is made to secured creditors.[2] The Bankruptcy Code and Rules contain no express deadline for the filing of a secured claim. This Court agrees with those courts that hold that a secured claim may be filed after expiration of the Rule 3002(c) deadline and still be "timely", i.e., payable. *See, Hudson,* 260 B.R. at 438. This conclusion has been characterized as the majority view. *Strong,* 203 B.R. at 112-13. In this Court's opinion,

---

[2] The Advisory Committee Note to Rule 3002 provides that:
A secured claim need not be filed or allowed under § 502 or § 506(d) unless a party in interest has requested a determination and allowance or disallowance under § 502.

3

*Greenig,* which dealt only with an unsecured claim, does not require the application of Rule 3002(c) to secured claims.[3]

This result makes sense in the context of this Court's previous holding that the amount of a secured claim, determined by the value of the collateral, is properly determined as part of the plan confirmation process, and that a secured creditor is bound by that determination notwithstanding a filed proof of claim alleging a higher value. *In re Duggins,* 263 B.R. 233 (Bankr.C.D.Ill. 2001). *Accord, In re Sernaque,* 311 B.R. 632, 640 (Bankr.S.D.Fla. 2004); *Hudson,* 260 B.R. at 437-38. This Court requires Chapter 13 debtors to provide for secured claims in the plan by specifically stating the proposed amount of the claim and the rate of interest to be paid. With few exceptions, once the plan is confirmed, the Chapter 13 trustee has all of the information that he needs to commence payments to secured creditors shortly after confirmation.[4] Thus, where a secured claim is properly provided for in the plan and the plan is confirmed, the proof of claim is perfunctory.[5]

A contrary result was reached in *Macias,* a thoughtful opinion authored by Judge Leif Clark, noting that secured creditors are excluded from the bar date requirements of Rule 3002 and that the bankruptcy rules do not otherwise impose a bar date for secured

---

[3]The holding in *Greenig* does not extend to secured claims and the 7th Circuit gave no hint, in dictum, that it should. Even though in *Greenig,* the unsecured claim at issue was specially provided for in the plan, the holding may still be justified simply based on the Rule 3002(a) requirement that unsecured creditors must file a timely proof of claim regardless of whether specially provided for by the plan's terms. In other words, the plan cannot override Rule 3002(a) by seeking to "allow" an unsecured claim without a supporting proof of claim.

[4]Under Section 1326(a)(2), once confirmed, the trustee shall distribute payments "in accordance with the plan as soon as practicable."

[5]When the value of a creditor's collateral has been determined in a confirmed plan, it is the practice of the Chapter 13 trustees who appear in this Court to object to claims that assert a larger secured claim amount than provided in the plan. Such objections are routinely allowed as the creditor is bound by the terms of the confirmed plan pursuant to Section 1327(a), and the claim is either allowed in the lesser amount stated in the plan or the creditor is given time to file an amended proof of claim that conforms to the terms of the confirmed plan.

4

claims in Chapter 13 cases. 195 B.R. at 660-61. As Judge Clark points out, however, Section 502(b)(9) provides that filed claims shall be allowed except to the extent that proof of such claim is not "timely filed." Reasoning that since that section does not distinguish between secured and unsecured claims, Judge Clark concludes that it must have some application even to secured claims in Chapter 13 so that "some sort of bar date must apply to secured claims." *Id.* at 662. Recognizing that he was creating a deadline out of whole cloth, and based on the local practices followed by the trustees in his district, Judge Clark held that the Rule 3002(c) bar date that applies to unsecured claims should also apply to secured claims. *Id.* at 663.

While agreeing with the determination by the *Macias* court that before a secured claim may be paid in a Chapter 13 plan, a proof of claim must be filed by or on behalf of the secured creditor, this Court must disagree with the additional ruling that the Rule 3002(c) bar date applies to secured claims. Rather than imposing a firm deadline where none exists by statute or rule, the better alternative, in this Court's view, is simply to leave the blank slate blank. Since the creditor and the debtor each have a stake in seeing the secured claim paid as provided in the plan, both usually take action early in the case to file the claim or verify that it is filed. In those rare cases where both the creditor and the debtor slip up, the trustee, who is charged with administering a confirmed plan according to its terms, can make the debtor aware of the oversight, the creditor can be contacted, and a claim can be filed. In the meantime, there is no reason to torpedo the confirmed plan by imposing an artificial deadline for filing proof of the secured claim, the terms of which have already been established and allowed by confirmation. Once the claim is filed, even

5

if after the Rule 3002(c) date, the trustee must pay it according to the plan even if the payments to that creditor commence later than to other secured and priority creditors.

Neither does this construction render Section 502(b)(9) meaningless. In theory, a secured claim could be "untimely" if it is filed so late in the case that payment is no longer possible because the plan payments have been completed or are near completion. *See, Hudson,* 260 B.R. at 438, n.36. Just how late is too late is not before the Court, however, and that issue will be left for another day.

This Court holds that the Rule 3002(c) deadline for filing proofs of claim does not apply to secured claims, such as the secured claim held by Heights Bank, so that the failure to file the claim within 90 days after the first date set for the meeting of creditors is not a basis for disallowance of a secured claim.[6] *Accord, Strong,* 203 B.R. at 112-13. Effectively, the burden is on the secured creditor to file a proof of claim in order to receive payments from the trustee. A secured creditor has a significant economic incentive to file its proof of claim early in the case so that it may begin receiving distributions as soon as possible. Certainly, the debtor or the trustee *may,* and often does, file a claim on a secured creditor's behalf as permitted by F.R.B.P. 3004, but that option is less than satisfactory for the following reasons.[7]

A proof of claim executed under oath and filed by a secured creditor serves several salutary purposes. First, it verifies the identity of the holder of the claim, a useful piece of

---

[6]By way of clarification, in order for a creditor who is undersecured to have an allowed claim for the unsecured portion of the debt, a timely claim must be filed within the time specified by Rule 3002(c). If the creditor files a claim after that deadline, only the secured portion is subject to being allowed and the claim for the unsecured portion will be denied as untimely upon objection.

[7]Although the Chapter 13 trustee has the authority to file a proof of claim for a creditor, the burden to check the claims docket and to file claims for secured creditors is on the debtor, who ultimately has the duty to protect his own interest in having the plan completed as confirmed. *In re Jurado,* 318 B.R. 251, 257 (Bankr.D.Puerto Rico 2004).

information in these days of frequent assignments of indebtedness.  Second, it establishes with certainty the address to which the payments are to be mailed, information that the debtor often gets wrong and to which the trustee is not privy.  Third, it verifies the identity of the collateral on which the creditor claims a lien.  Fourth, it establishes the creditor's calculation of the amount of the claim due and owing as of the date of filing, which is information that debtors usually only estimate.  The exact amount due as of the petition date is necessary whenever the creditor is fully secured or oversecured so that the claim is not being stripped down to the value of the collateral.[8]  For cases filed on and after October 17, 2005, it may become increasingly important because of the special treatment accorded certain vehicle loans incurred within 910 days of the petition and certain other secured loans incurred within one year of filing as provided in the amendments to Section 1325 implemented by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

      The lesson for secured creditors is to file their own proof of claim and to file it early in the case so that they may begin to receive payments upon confirmation and so that any claim for an unsecured balance is timely under F.R.B.P. 3002(c).  Secured creditors gain nothing by not filing a proof of claim and stand to lose much.  Although a creditor cannot be compelled to file a proof of claim, a secured creditor whose claim is provided for through a Chapter 13 plan has a substantial economic incentive to do so.  If secured creditors receive proper notice and act rationally in their own self-interest, it will be a rare

---

[8]Where the claim is not being stripped down, the debtor has an interest in making sure that the amount of the claim in the plan is not understated so that the claim is fully paid in the plan.  The trustee has an interest in making sure that the amount of the claim in the plan is not overstated so that unsecured creditors are not shorted.

occurrence that a debtor or trustee will have to file a proof of claim on behalf of the creditor. The economic incentive that a secured creditor has to file its own proof of claim should go a long way toward eliminating this problem.[9]

For the reasons set forth herein, the Chapter 13 Trustee's objection to Claim No. 8 filed by Heights Bank will be denied and the claim will be allowed. Further, the motion of Heights Bank to compel the Trustee to pay its secured claim will be granted. This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###

---

[9] It may be that a simple letter from the debtor's attorney reminding a recalcitrant secured creditor to file its proof of claim so that it may begin receiving payments will do the trick.